**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
Southern Division

| | |
|---|---|
| **RENEE NEWSOME,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**PENSKE TRUCK LEASING** )<br>**CORPORATION,** )<br>)<br>**Defendant.** )<br>) | Case No. CBD 04-1024 |

**MEMORANDUM OPINION**
**GRANTING PLAINTIFF'S ORAL MOTION TO COMPEL**
**PRODUCTION OF DOCUMENTS**

To give evidence the label of "impeachment," does not always make it "impeachment evidence." In the law, we are more concerned with substance and merit, than we are with form and appearance.

Plaintiff, Renee Newsome, filed this employment discrimination action against Defendant, Penske Truck Leasing Corporation ("Penske"). Plaintiff alleges she was sexually harassed in a hostile work environment, that she was constructively discharged and was unlawfully retaliated against when she complained to company officials. Before this Court is Plaintiff's oral motion to compel production of documents ("Plaintiff's Motion") and the written opposition thereto. The Court heard the arguments of counsel and set forth its ruling and rationale on the record. In addition thereto, the Court submits this written order. For the reasons below, the Court hereby GRANTS Plaintiff's Motion.

1

## I.  BACKGROUND

On the first day of trial, Defendant informed Plaintiff of its intent to use audio tapes for "impeachment" purposes.  Defendant proffered that these audio tapes contained statements made by Plaintiff which were contradictory to the claims set forth in the complaint.  No audio tapes were provided in discovery despite Plaintiff's request for production of documents.

While Defendant conceded that the withheld audio tapes and related documents were not entitled to work-product protection, it refused to produce the material by relying in part on District of Maryland Local Rule 106(h).  This rule sets forth the required contents of pretrial orders.  It states that a proposed pretrial order shall contain:

> A listing of each document or other exhibit, including summaries of other evidence, other than those expected to be used *solely for impeachment*, separately identifying those which each party expects to offer and those which each party may offer if the need arises.

Local Rule 106(h) (D. Md. 2004) (emphasis added).

Plaintiff sought production of the audio tapes prior to Plaintiff's direct examination.  Defendant did not want to produce the materials until Plaintiff's testimony in cross-examination.  Defendant wanted "to preserve the impeachment value" of Plaintiff's initial reaction for observation by the jury.  After an *in camera* review of the transcripts of the audio tapes, the Court learned that the audio tapes contained Plaintiff's prior statements under oath in unrelated domestic and Workman's Compensation proceedings.  The Court is persuaded that this information is responsive to a discovery request made by Plaintiff.

Defendant contends that Plaintiff's prior statements show that her claims for non-economic damages are either overstated or completely exaggerated.  Defendant expects Plaintiff's prior statements under oath to show that Plaintiff has a longstanding constellation of

injuries, medical conditions and treatment from a wide variety of sources. These prior statements will not be offered to merely "cast doubt" on any expected testimony, but also to show that the conduct of Defendant's employees is not the real cause of Plaintiff's claimed emotional distress.

## II. DISCUSSION

What is impeachment evidence and, when is it discoverable? The Fourth Circuit has not addressed the issue of the discoverability of impeachment evidence in a civil case and "other federal authority is split." *Dehart v. Wal-Mart Stores*, *East*, *L.P.*, 2006 WL 83405, *1, 2006 U.S. Dist. LEXIS 605, Civil No. 05-061 (W.D. Va. Jan. 6, 2006) (noting the absence of Fourth Circuit precedent); *Chaisson v. Zapata Gulf Marine Corp.*, 988 F.2d 513 (5th Cir. 1993) ("There are surprisingly few cases on the discoverability of impeachment evidence; and, until now, apparently none in the federal arena have reached the appellate level.").

From a review of the applicable rules and relevant case law, the Court finds that evidence withheld as *solely for impeachment* evidence must be produced: (1) whenever the evidence also has a substantive purpose; and (2) if it would be responsive to a specific discovery request.

### A.     The Distinction Between Substantive Evidence and Impeachment Evidence.

While the present dispute has its genesis in the rules of discovery, the analysis must begin with the rules of evidence. This is so because the rules of evidence govern the distinction between substantive and impeachment evidence. Black's Law Dictionary defines substantive evidence as: "That adduced for the purpose of proving a fact in issue, as opposed to evidence given for the purpose of discrediting a witness (*i.e.*, showing that he is unworthy of belief), or of corroborating this testimony." BLACK'S LAW DICTIONARY, 1429 (6th ed. 1990).

3

"Substantive evidence is that which is offered to establish the truth of a matter to be determined by the trier of fact." *Chaisson*, 988 F.2d at 517 (5th Cir. 1993). Substantive evidence can absolve a defendant of liability either by showing "a defect in the plaintiff's *prima facie* case" or in giving support to an affirmative defense by raising "matters extraneous to the plaintiff's *prima facie* case." *Keeler Brass Co. v. Continental Brass Co.*, 862 F.2d 1063, 1066 (4th Cir. 1988).

Conversely, impeachment evidence is offered to discredit a witness and reduce the effectiveness of her testimony. *Chiasson*, 988 F.2d at 517. In *Behler v. Hanlon*, 199 F.R.D. 553, 560 (D. Md. 2001), the Court identified six primary types of impeachment evidence: (1) impeachment by demonstration of bias, prejudice, interest in the litigation, or motive to testify in a particular fashion; (2) impeachment by contradiction; (3) impeachment by demonstration of incapacity to perceive, remember or relate; (4) impeachment by untruthful character or prior bad acts; (5) impeachment by conviction of a crime; and (6) impeachment by prior inconsistent statement.

The purpose of the various types of impeachment evidence is singular; to "impair the credibility of the witness." 2 MICHAEL H. GRAHAM, HANDBOOK OF FEDERAL EVIDENCE § 613:1 (6th ed. 2006); *see e.g. Behler*, 199 F.R.D. at 557 ("[T]he central purpose of bias/prejudice impeachment is to diminish the credibility of the witness to be impeached, as opposed to any substantive use of the evidence to prove a matter of consequence to the litigation independent of its impeachment value."). Take for example a party who confessed under oath in a prior proceeding, that "I never tell the truth when I testify." While admissible for impeachment

purposes, this statement is not substantive at all. It does not relate to the claims or defenses of the lawsuit. Impeachment evidence only has meaning when there is credibility to be attacked.

Statements are useful as substantive evidence if they relate to a plaintiff's *prima facie* case or a defendant's affirmative defenses. Impeachment evidence is used to encourage the trier of fact to look critically at whether the evidence should be believed. In the ordinary case, impeachment evidence has no substantive purpose. However, certain evidence must be classified as enjoying membership in both definitions. "Evidence that impeaches by contradiction, and is not collateral, can be both substantively admissible, as well as admissible for its impeachment value." *Id.* at 558; *see also* Fed. R. Evid. 613(b).

Thus, a unique dilemma is likely to occur whenever the "impeachment" evidence relates to the claims or defenses in the matter. Under such circumstances, there is the real likelihood of the statements being admissible for both the substantive and impeachment purposes.

> **B.     Impeachment Evidence Which Could be Used for Substantive Purposes Must be Disclosed Under Federal Rule of Civil Procedure 26(a).**

There are two disclosure provisions within Federal Rule of Civil Procedure 26(a) which require production of discoverable information without a specific demand for such. The Rules identify these provisions as "initial disclosures" and "pretrial disclosures."

Rule 26(a)(1)(B) requires "initial disclosure" of "all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless *solely for impeachment*." Fed. R. Civ. P. 26(a)(1)(B) (emphasis added). This rule requires production of tangible items that are or could be substantive evidence.

5

Rule 26(a)(3), governing "pretrial disclosures," states that a party shall provide to other parties "information regarding the evidence that it may present at trial other than *solely for impeachment* purposes." Fed. R. Civ. P. 26(a)(3) (emphasis added). While this rule shares the exclusion of evidence that is to be used "solely for impeachment," this rule is more directly concerned with the expected use of evidence "at trial." Given the "hills and valleys" of the discovery process, the quantity of evidence produced under the mandatory "initial disclosures" provision may be more than, the same as, or less than, the quantity of evidence designated under the mandatory "pretrial disclosures" provision.

Impeachment evidence which also possesses a substantive quality cannot be said to fit the *solely for impeachment* classification.[1]  One commentator notes, "Even those who have been most concerned about protecting impeachment material recognize that substantive evidence must be subject to discovery even though it also tends to contradict evidence of the discovering party." 8 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 2015 (2d ed. 1994) (hereinafter "WRIGHT & MILLER").

The First and Seventh Circuits agree that impeachment evidence admissible for substantive purposes is subject to the automatic disclosure provisions of Rule 26(a). *See Klonoski v. Mahlab*, 156 F.3d 255, 270 (1st Cir. 1998) (impeachment evidence which is least in part substantive did not fall within the "solely for impeachment" exceptions of Rule 26(a)); *see also Wilson v. AM General Corp.*, 167 F.3d 1114, 1122 (7th Cir. 1999) (undisclosed witnesses possessing substantive knowledge of the party's defenses could not be limited to a "solely for impeachment" classification and should have been included in party's Rule 26(a) mandatory

---

[1] Local Rule 106 does not modify the analysis. This rule merely addresses the "listing" of exhibits expected to be used at trial. Discoverability is a related but different concern.

6

pretrial disclosures). In summary, if evidence enjoys the classifications of being both substantive and impeachment, such evidence should be treated as substantive for the purposes of Rule 26(a)(1) and (a)(3). A party must therefore disclose without request impeachment evidence which is admissible for substantive purposes under the automatic disclosure provisions of Rule 26(a).

### C. All Impeachment Evidence is Discoverable in Response to a Specific Request Under Federal Rule of Civil Procedure 26(b).

A party must disclose impeachment evidence in response to a specific discovery request. Federal Rule of Civil Procedure 26(b) is titled "Discovery Scope and Limits," and reflects the historical boundaries of discoverable information.

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it related to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and locations of persons having knowledge of any discoverable matter. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). No special status is given to impeachment evidence under Rule 26(b)(1). Unlike the required disclosure provisions of Rule 26(a), this section does not exempt from disclosure information to be used "solely for impeachment." Indeed, under Fed. R. Civ. P. 26(b)(1) "information that could be used to impeach a likely witness, although not otherwise relevant to the claims or defenses, might be properly discoverable." Commentary to Rule Changes, Court Rules, 192 F.R.D. 340, 389 (2000).

The federal rules promote broad disclosure during discovery so each party can evaluate the strength of its evidence and chances of success. This makes a trial "less of a game of blind

man's bluff and more of a fair contest." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958). One court notes, "the purposes of Rule 26 are to eliminate secrets and surprises at trial, clarify and delineate the issues, and facilitate equitable settlement." *Blount v. Wake Elec. Membership Corp.*, 162 F.R.D. 102,104 (E.D.N.C. 1993) (*citing* 6 WRIGHT & MILLER, § 2001 (1970)).

Production of impeachment evidence is required in the ordinary course of discovery. This court finds instructive the case of *Gutshall v. New Prime, Inc.*, 196 F.R.D. 43 (W.D. Va. 2000). That court found that surveillance evidence was discoverable despite the party's intention to only use the tapes for impeachment purposes. In *Gutshall*, a specific discovery request was propounded. Looking to Rule 26(b)(1), the court found that impeachment evidence was included within the scope of discovery and required production. The *Gutshall* court stated that "while surprise has a healthy prophylactic effect against perjury, on balance, cases are more likely to be decided fairly on their merits if the parties are aware of all the evidence." *Gutshall*, 196 F.R.D., at 45 (*quoting Martin v. Long Island R.R. Co.*, 63 F.R.D. 53, 54 (S.D.N.Y. 1974). A specific discovery request makes impeachment evidence discoverable.

      **D.**      **To Preserve the Value of Impeachment Evidence, Courts have Delayed the Production of Discovery Pending the Deposition of the Affected Witness.**

Courts in this circuit have carved out occasions for delaying the requested discovery until after the subject has testified under oath. *Tripp v. Severe*, 2000 U.S. Dist. LEXIS 16488, 2000 WL 708807, Civil No. 99-1478 (D. Md. Feb. 8, 2000) (since party was already deposed, the impeachment materials should be produced unless the withholding party will not use the evidence in any capacity at trial); *Blount v. Wake Elec. Membership Corp.*, 162 F.R.D. 102 (E.D.N.C. 1993) (delaying the timing of disclosure to preserve the impeachment value of the

evidence and finding disclosure appropriate after the party's deposition); *Boyle v. CSX Transp., Inc.*, 142 F.R.D. 435, 437 (S.D. W.Va. 1992) (delaying production of impeachment evidence until the deposition of those surveilled); *Ward v. CSX Transp., Inc.*, 161 F.R.D. 38, 39-40 (E.D.N.C. 1995) (finding that Rule 26(b)(1) includes surveillance materials to be used for impeachment but delaying production until the completion of deposition).

However, where evidence is likely to provide both substantive as well as impeachment evidence, some courts have required that the materials be disclosed pursuant to a discovery request even prior to the deposition of the affected party. *Dehart v. Wal-Mart Stores*, *East*, *L.P.*, 2006 WL 83405 (W.D. Va. Jan. 6, 2006) (holding impeachment evidence discoverable where it was in part substantive); *Pro Billiards Tour Assoc., Inc. v. R.J. Reynolds Tobacco Co.*, 187 F.R.D. 229, 230 (M.D.N.C. 1999) ("To the extent the substantive value of the evidence outweighs its impeachment value, the Court will not delay production pending the taking of a deposition."); *Chiasson*, 988 F.2d at 517-18 ("Because the tape is, at the very least in part substantive, it should have been disclosed prior to trial, regardless of its impeachment value.").[2]

---

[2] At least one court has held that impeachment evidence is not discoverable. In *Denty v. CSX Transp., Inc.*, 168 F.R.D. 549 (E.D.N.C. 1996) the Court found dispositive the clear exclusion of impeachment evidence from pretrial discovery material under Rule 26(a). That Court commented the "obvious rationale for excluding impeachment materials from discovery is that their disclosure would substantially impair their impeachment value." *Denty*, 168 F.R.D. at 550. Furthermore, the Court reasoned that "[i]mpeachment materials are only relevant to the extent plaintiff puts forth substantive evidence susceptible to impeachment." *Id*. As a result, the *Denty* Court denied the motion to compel because at that time "any surveillance material [was] not relevant." *Id. Denty* "appears to be in the minority among the federal courts." *Gutshall*, 196 F.R.D. at 45.

### III. PRODUCTION OF THE TAPES IS REQUIRED UNDER FEDERAL RULES OF EVIDENCE 26(a)(1), (a)(3) AND (b).

Turning to the present facts, Defendant's evidence is being used for substantive and impeachment purposes. Plaintiff has placed the source of her emotional distress at issue. She claims Defendant's employees caused her to endure emotional distress by way of a hostile work environment and sexual harassment. The extent and severity of Plaintiff's mental health injuries are among the key issues a jury must decide in calculating Plaintiff's damages. Evidence which would tend to prove or disprove such damages must be considered substantive.

The Court concludes that Plaintiff's prior sworn statements submitted *in camera* are admissible for substantive purposes. While Plaintiff's sworn statements under oath enjoy an impeachment quality, they are also in fact substantive evidence as they relate to Plaintiff's *prima facie* case. For example:

> Prior inconsistent statements are admissible only as impeachment, unless they also qualify for admission substantively, under Rule 801(d)(1)(A) (inconsistent statement made under oath at a prior trial, hearing, court proceeding or deposition); as an admission by a party opponent under Rule 801(d)(2), or under some other exception to the hearsay rule.

*Behler*, 199 F.R.D. at 560.

This Court also finds that Defendant should have disclosed the withheld evidence pursuant to Plaintiff's specific discovery request. A party erroneously designating evidence as "impeachment evidence" to prevent disclosure does so at its own peril. If the impeachment evidence was discoverable and wrongfully withheld, the prejudiced party could move to compel production or seek to have the evidence excluded from trial. If the impeachment evidence has a substantive purpose, a party cannot hide the ball in discovery, then produce on the day of trial.

10

A party's proper designation of impeachment evidence is critical and must be prudently exercised.

A party under a duty to disclose impeachment evidence can seek a court order to delay the disclosure in order to preserve its impeachment value. Here, Plaintiff has been deposed and her testimony memorialized. As a result, there is no need to delay the disclosure of Plaintiff's statements under oath.

Accordingly, Plaintiff's Motion to Compel is granted and Defendant is ordered to produce the relevant transcripts immediately. Given the less than clear nature of the case law on this subject, no sanctions are appropriate.

## IV.  CONCLUSION.

For the forgoing reasons, Plaintiff's Oral Motion to Compel is GRANTED.

>        /s/
> Charles B. Day
> United States Magistrate Judge
> May 24, 2006

CBD:jab