**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Southern Division**

| | | |
|---|---|---|
| **RENEE NEWSOME,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CBD 04-1024** |
| | ) | |
| **PENSKE TRUCK LEASING** | ) | |
| **CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## <u>MEMORANDUM OPINION</u>

On March 31, 2006, this Court issued an Order and Judgment for Defendant, Penske

Truck Leasing Corporation ("Defendant"), after a jury verdict for the defense was returned.

Before this Court[1] is Defendant's Bill of Costs (Docket Item No. 53), and the memoranda related

thereto. No hearing is deemed necessary. Local Rule 105.6 (D. Md. 2004). For the reasons

below, the Court hereby GRANTS IN PART, Defendant's Bill of Costs.

## <u>I.  BACKGROUND</u>

On March 31, 2006, a jury in this matter returned a verdict in Defendant's favor finding

that Plaintiff had proven neither: (1) sexual harassment by co-workers or supervisors; (2)

retaliation after engaging in a protected activity; nor (3) constructive discharge.  Defendant

---

[1] In this District, the Clerk generally reviews bills of costs.  However, the parties
requested that this Court, given its familiarity with the issues raised, rule on the pending Bill of
Costs.

timely filed its Bill of Costs on April 13, 2006 for expenses incurred in this litigation as

summarized below.

| | |
|---|---|
| *Costs to obtain records from Plaintiff's medical providers* [1] | *$ 515.19* |
| *Service of process for deposition subpoenas* | *$ 890.00* |
| Service of records deposition subpoenas | $ 304.98 |
| Service of process for trial witnesses | $ 735.50 |
| *Costs of obtaining other documents for use in case* | *$ 528.70* |
| *Deposition transcripts* | *$ 4,848.40* |
| Transcripts of other proceedings used in case | $ 455.45 |
| *Expert fees* | *$ 3,948.50* |
| Witness deposition fees | $ 900.00 |
| Witness appearance fees | $ 1,398.06 [2] |
| Trial Exhibits | $ 691.81 |
| *Trial Transcripts* | *$ 1,835.57* |
| Fee paid for removal to U.S. District Court | $ 150.00 |
| **TOTAL** | **$ 17,202.16** |

Plaintiff disputes limited portions of Defendant's Bill of Cost.  Plaintiff argues that: (1)

costs to obtain records from Plaintiff's medical providers should be limited to $47.00; (2) service

of process for deposition subpoenas should be limited to $350.00; (3) costs of obtaining other

documents for use in case should be reduced by $213.40; (4) expert fees should be disallowed;

(5) trial transcript fees should be disallowed; and (6) the costs for Plaintiff's deposition should be

limited to 25% of 1,796.00.

## II.  DISCUSSION

Taxable costs are enumerated in 28 U.S.C. §1920 (2004).[2]  Federal Rule of Civil

Procedure 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course

to the prevailing party unless the Court otherwise directs. . . ".  The Rule presumes an award of

costs to the prevailing party.  *American Med. Sec., Inc. v. Larsen*, 31 F. Supp. 2d 502, 508 (D.

Md. 1998).  Under Rule 54(d)(1), "The fact that a party succeeds on the claims presented does

not necessarily mean that full costs will be recovered, however."  10 CHARLES A. WRIGHT,

ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2667 (3d ed.

1998) ("WRIGHT MILLER & KANE").  As a result, the discretion to tax costs will "be sparingly

exercised with reference to expenses not specifically allowed by statute."  *Farmer v. Arabian*

*Am. Oil Co.*, 379 U.S. 227, 235 (1964).

Costs should be entered where authorized by statute and reasonably necessary to the case.

*Charter Med. Corp. v. Cardin*, 127 F.R.D. 111, 113 (D. Md. 1989).  The burden is upon the non-

prevailing party objecting to the prevailing party's claim for costs to overcome the presumption

---

[2]  Section 1920 limits costs to:
>   (1) Fees of the clerk and marshal;
>   (2) Fees of the court reporter for all or any part of the stenographic
>   transcript necessarily obtained for use in the case;
>   (3) Fees and disbursements for printing and witnesses;
>   (4) Fees for exemplification and copies of papers necessarily obtained
>   for use in the case;
>   (5) Docket fees under section 1923 of this title; and
>   (6) Compensation of court appointed experts, compensation of
>   interpreters, and salaries, fees, expenses, and costs of special
>   interpretation services under section 1828 of this title.
>   28 U.S.C. § 1920.

3

favoring such an award.  *Wyne v. Medo Industries, Inc.*, 329 F. Supp. 2d 584, 586 (D. Md. 2004)**.**
As a preliminary matter, the Court will award Defendant's uncontested costs.

    **A.**       **Defendant's Medical Records Costs.**

       Under 28 U.S.C. § 1920(4), Defendant seeks $519.19 for copies of medical records.  It is
well established that costs incurred in copying depositions, exhibits and other documents are
taxable against the non-prevailing party.  *Simmons v. O'Malley*, 235 F. Supp. 2d 442, 444 (D.
Md. 2002).  Plaintiff argues that Defendant's costs to obtain Plaintiff's medical records are
irrelevant and unreasonable in number and scope.  In support of this argument, Plaintiff points to
over 51 subpoenas, pertaining to records from every health care provider for the past 15-20
years.  Health care providers charged these costs in order to produce the subpoenaed records.
Plaintiff argues that these costs should be limited to the $47.00 paid to Community Counseling
Center, Hiland & Associates, P.C., as the other subpoenaed records deal with Plaintiff's prior
irrelevant physical injuries.

       Defendant points out that Plaintiff claimed the alleged harassment led to emotional
distress such as "headaches, sleep, disorders, weight loss and female problems, including
irregular and excessive menstrual cycles."  The Court agrees.

       Each of the conditions claimed by Plaintiff could be attributed to a wide range of medical
issues.  In order for Defendant to rebut the claim that these conditions were caused by
Defendant's employees, it was reasonable for Defendant to fully explore Plaintiff's health
history.  Indeed, Defendant credits its extensive inquiry into Plaintiff's medical history with
streamlining certain medical issues for trial and eliminating the need for expert testimony
concerning Plaintiff's emotional distress.  The Court finds that such discovery was reasonable

and relevant.  Given that these costs were authorized by statute and reasonably necessary to the litigation, Defendant's costs in this category are GRANTED.

     **B.**    **Defendant's Subpoena Service Costs.**

     Under 28 U.S.C. § 1920(1), Defendant requests costs of $210.00 and $140.00 related to service of process to Dr. Hiland and Dr. Von Wold Toffolo, respectively.  Defendant incurred these costs with L.M. Bates Personal Process Service.  Plaintiff argues that these costs are "extremely excessive" to serve a records subpoena, and duplicative in that Defendant repeats these costs in its request.

     Costs paid to the United States Marshall for service of process are taxable under § 1920(1).  There is some debate as to whether the costs of private process servers can be taxed as costs.  *See*, *e.g.*, *Cofield v. Crumpler*, 179 F.R.D. 510, 516 (E.D. Va. 1998) (noting the split in the cases and disallowing the taxation of costs of private process servers).  However, this District allows the expense of private process servers as a taxable cost.  *Wyne,* 329 F. Supp. 2d at 590; *See also Taxation Of Costs In A Civil Case In the United States District Court For The District of Maryland* at 5 (2000) *available at* http://www.mdd.uscourts.gov/webdatapages1/Forms/taxationcosts.PDF (August 9, 2004) ("Because Local Rule 103.2.b (D. Md. 2001) limits the circumstances under which the Marshal serves summonses and subpoenas, amounts paid to private process servers may be recoverable . . . .").

     While Defendant has not responded to Plaintiff's characterization of these costs as unreasonable and duplicated, Plaintiff has not specified where it contends Defendant has duplicated its costs nor offered support for the excessive nature for the cost of such service.  The

Court has not been able to locate any duplication of charges relating to Dr. Hiland.[3]  Given that these costs were reasonably necessary to the litigation, Defendant's costs for service of process are GRANTED.

### C. Defendant's Costs for Other Documents.

Under 28 U.S.C. § 1920(4), Defendant claims $528.70 for costs of obtaining other documents for use in this case.  This amount includes $213.40 in costs paid to Plaintiff's counsel to produce records of Plaintiff's prior personal injury cases.  That line of inquiry was foreclosed at trial by this Court's ruling that Plaintiff's prior personal injury claims and previous representation by counsel was irrelevant and inadmissible.  As a result, Plaintiff argues that $213.40 in costs should be disallowed.

Defendant responds that the identified records were used in this case.  Particularly, the records revealed that Plaintiff claimed disability during a four year period.  Yet, Plaintiff's job application to Defendant indicated she was gainfully employed for the same period.  Defendant also discovered that Plaintiff claimed headaches and psychological injuries in other legal proceedings.  Defendant argues that these records caused Plaintiff to abandon contentions that misconduct by Defendant's employees' caused her headaches and emotional distress.

The Court is persuaded by Defendant's position.  Given that these costs were authorized by statute and reasonably necessary to the litigation, Defendant's costs for obtaining other documents for use in this case are GRANTED.

---

[3] Defendant's Bill of Costs itemizes the following charges relating to Dr. Hiland: (1) $47.00 for medical records on July 6, 2004; (2) $210.00 for serving subpoenas for deposition on June 10, 2004; (3) $85.00 for serving subpoenas for trial on February 20, 2006; (4) $736.50 for deposition transcripts on October, 18, 2004; (5) $250.00 deposition fees on September 22, 2004; and (6) $75.60 for witness fees on February 6, 2006.

**D.      Defendant's Expert-Witness Costs.**

Defendant seeks $3,948 for costs related to retaining Dr. Michael Spodak, psychologist, an expert witness hired to perform a psychological evaluation of Plaintiff.  It has been firmly established that the expert medical witness is paid by the party who is the sponsor of his or her testimony.  *Hansen v. Bradley*, 114 F. Supp. 382 (D. Md. 1953).  Here, Defendant's expert witness did not testify at trial.  "Ordinarily, no fee may be taxed for someone who comes to the courthouse but does not testify at the trial, the presumption being that the person was not a necessary witness." 10 WRIGHT MILLER & KANE § 2678.  Here, Defendant's costs are not associated with trial attendance but relate to only to Defendant's cost for retaining the expert. This request is not properly awarded under 28 U.S.C. § 1920(3).  Certain costs are not compensable as witness fees, including both fees paid to an expert beyond the daily attendance fee and fees and expenses paid to a witness who did not actually testify at trial.  *Taxation Of Costs In A Civil Case In the United States District Court For The District of Maryland* at 7-8. Expert witness fees are not costs.

Defendant contends that its expert witness costs are recoverable because this expense was necessary due to Plaintiff's abandoned claim that she sought psychological counseling as a result of sexual harassment.  Defendant stands on the Supreme Court decision in *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978) stating, "a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith."

This is not a motion for attorney's fees.[4]  Even if this Bill of Costs is a proper vehicle in which to present Defendant's motion for attorney's fees, the *Christiansburg* Court continues, "a plaintiff should not be assessed his opponent's attorney's fees <u>unless</u> a court finds that his claim was frivolous, unreasonable, or groundless, <u>or that the plaintiff continued to litigate after it clearly became so</u>." *Id.* (emphasis added).  This Court does not find that Plaintiff's claim was frivolous, unreasonable, or groundless.  The Court does not find Defendant's argument to be availing.  Defendant's costs for its expert witness are DENIED.

## E.    Defendant's Trial Transcripts Expenses.

Under 28 U.S.C. § 1920(2), Defendant claims $1,835.57 for trial transcripts of several witnesses to compare with the witness' deposition testimony.  Plaintiff argues that these transcripts were not used at trial because the witnesses previously left the stand and no transcripts were referenced in Defendant's closing argument.  Defendant responds that trial transcripts were necessary to track testimony so that it could properly respond to issues raised by the witnesses testimony during both trial and in closing arguments.  However, Defendant did not mention these transcripts at trial but instead used them only in trial preparation.

The taxation of transcript expenses is a matter of this Court's discretion.  *See* 10 WRIGHT MILLER & KANE § 2677.  A trial transcript must be "necessary for an effective and proper handling" of the case.  *Advance Bus. Sys. & Supply Co. v. SCM Corp.*, 287 F. Supp. 143, 162 (D.

---

[4]  Attorneys' fees are not properly taxable as costs under Rule 54(d)(1).  Rule 54(d)(1) states that "costs other than attorney's fees shall be allowed as of course to the prevailing party . . . ."  Rather, Defendant's request must be made by motion pursuant to Rule 54(d)(2).  As Rule 54(d)(2) makes clear, "[c]laims for attorneys' fees and related nontaxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial."  In the present case, the recovery of attorney's fees was not an element of damages that would have been proved at trial; therefore, Defendant's request for attorney's fees must comply with Rule 54(d)(2).

Md. 1968).  "Taxation will not be allowed if the transcript was procured primarily for counsel's convenience."  10 WRIGHT MILLER & KANE § 2677.

Courts generally consider "the length of the trial, the complexity of the issues, whether a daily transcript was necessary to minimize disagreement over the testimony of witnesses, and whether proposed findings of fact were required."  *See*, *Farmer*, 379 U.S. at 233-34.  Here, the trial transcripts aided Defendant's preparation but there was no overriding need or use for these transcripts beyond Defendant's convenience.  Furthermore, this Court taxes the cost of trial transcripts where: (1) it was needed for an appeal; (2) it was ordered or requested by a judge; or (3) it was prepared with agreement by the parties that the costs would be taxed.  *Taxation Of Costs In A Civil Case In the United States District Court For The District of Maryland* at 5.  Finding all of the above factors absent, Defendant's costs for trial transcripts are DENIED.

**F.      Costs for Plaintiff's Deposition.**

Under 28 U.S.C. § 1920(2), the costs of a deposition are taxable if they were "necessarily obtained for use in the case."  *Wyne*, 329 F. Supp. 2d at 588.  This Court taxes the costs of depositions of parties and persons testifying at trial, depositions admitted into evidence and depositions submitted in connection with the event terminating the litigation.  *See Taxation Of Costs In A Civil Case In the United States District Court For The District of Maryland* at 6; 10 WRIGHT MILLER & KANE § 2668.

Plaintiff argues that Defendant's costs of $1,796.00 to depose Plaintiff should be limited because most of Defendant's inquiry was deemed inadmissible for trial and a minuscule amount of the over 500 pages was admitted at trial.  The Court notes that deposition costs are commonly

awarded "when the taking of the deposition is reasonably necessary at the time of its taking." *Wyne*, 329 F. Supp. 2d at 588.

The Court finds that Plaintiff's deposition was relevant, necessary, and indispensable to the current litigation. Defendant's inquiry related to numerous claims made by Plaintiff. Defendant inquired into Plaintiff's claims of sexual harassment by nine of Defendant's employees and/or supervisors occurring over the full length of Plaintiff's employment. Defendant also addressed important factors such as the grievances that Plaintiff had allegedly made to at least six supervisors, her attendance issues, and her claims for damages. Inquiries into Plaintiff's prior physical injuries and personal injury cases were also necessary to limit Plaintiff's claim for damages. Defendant was obligated to inquire into all of these areas; they were essential to preparing an effective defense.

In addition to its relevance, the deposition was reasonable. The Federal Rules of Civil Procedure provide a "one day of seven hours" limit on the duration of deposing witnesses. Fed. R. Civ. P. 30(d)(2). Plaintiff's extensive deposition was accomplished in seven hours and fourteen minutes. The deposition was accomplished in a timely manner and streamlined the issues presented at trial. Given that these costs are authorized by statute and reasonably necessary to the litigation, Defendant's costs are GRANTED.

### III.  CONCLUSION

For the forgoing reasons, Defendant's Bill of Costs is GRANTED IN PART.  Defendant will be awarded its costs reduced by the amounts claimed for expert fees and trial transcripts for an award in the amount of $11,418.09.  A separate order implementing this opinion follows.


_____/s/_____
Charles B. Day
United States Magistrate Judge
August 30, 2006

CBD:jab


1. Italicized listings are disputed by Plaintiff.

2. This amount reflects the inclusion of an additional $292.39, which was supplemented by Defendant on April 25, 2006.  *See* Docket Item No. 58.